UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN T. MCWHORTER,

          Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*,

          Defendants.

CASE NO. 3:24-cv-05146-KKE-GJL

REPORT AND RECOMMENDATION

Noting Date: March 29, 2024

    The District Court has referred this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 to United States Magistrate Judge Grady J. Leupold. Plaintiff John McWhorter has filed a proposed Complaint (Dkt. 1-1) and moves to proceed in this action *In Forma Pauperis* ("IFP") (Dkt. 1). Upon review, Plaintiff has failed to state a cognizable claim and his pleading deficiencies are not curable through amendment. Therefore, the undersigned recommends this action be **DISMISSED with prejudice** and the IFP Motion (Dkt. 1) be **DENIED as moot**.

                      **I.**        **STANDARD OF REVIEW**

    Plaintiff is housed at Stafford Creek Corrections Center, where he is serving a sentence on a 1997 state-court conviction for first- and second-degree rape and first-degree robbery. *See*

REPORT AND RECOMMENDATION - 1

*State v. McWhorter*, Kitsap County Superior Court, Docket No: 97-1-00660-9; *see also State v. McWhorter*, 24 Wash. App. 2d 1022, 2022 WL 16758567 (2022), *review granted, decision rev'd by* 535 P.3d 880 (Wash. 2023).[1]

Although Plaintiff was 17 years old at the time of his crimes, the original sentencing court did not consider his youth in calculating his sentence. *McWhorter*, 2022 WL 16758567, at *1. Thus, in 2016, the Kitsap County Superior Court granted a motion to modify Plaintiff's judgment and sentence so his youth could be considered as a mitigating factor at resentencing. *Id.* The State attempted to appeal the resentencing order, but the Court of Appeals of Washington, Division 2, concluded that the resentencing order was not an appealable order under Rule 2.2(b) of the Washington Rules of Appellate Procedure. *Id.* at *2.

The State then sought review by the Washington Supreme Court, and, on September 28, 2023, the high court reversed the appellate decision, explaining that the resentencing order was appealable because it had the "effect" of vacating the original sentence and judgment. *State v. McWhorter*, 535 P.3d 880, 881–82 (Wash. 2023) (explaining that "until th[e] resentencing occurs, there is 'no sentence.' Thus…, the original judgment was 'vacated' within the meaning of RAP 2.2(b)(3).").

Taking the Washington Supreme Court's decision to mean that his judgment was literally vacated and his continued confinement unlawful, Plaintiff filed the instant action.

## II.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

---

[1] The Court may take judicial notice of court filings and other matters of public record referenced in or relevant to the Complaint. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

REPORT AND RECOMMENDATION - 2

1 | governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any
2 | portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim
3 | upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune
4 | from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. §1915(e)(2)(B); *Barren v.*
5 | *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds counts as a
6 | "strike" under 28 U.S.C. § 1915(g).

7 | To sustain a 42 U.S.C. § 1983 claim, Plaintiff must show that he suffered a violation of
8 | rights protected by the Constitution or created by federal statute, and that the violation was
9 | proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487
10 | U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must
11 | provide more than conclusory allegations; he must set forth specific, plausible facts to support
12 | his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

13 | After informing a *pro se* litigant of any pleading deficiencies, a court must generally
14 | grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be
15 | cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992). However, if
16 | the claims put forth in the complaint lack any arguable substance in law or fact, then the
17 | complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); s*ee Akhtar v. Mesa*, 698 F.3d
18 | 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave
19 | to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured
20 | by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

### III.   DISCUSSION

22 | Plaintiff brings a medley of claims, including kidnapping, human trafficking, false arrest,
23 | false imprisonment, and involuntary servitude, against fifteen employees of the Department of

REPORT AND RECOMMENDATION - 3

1   Corrections ("DOC"). Dkt. 1-1, at 5–11. He further alleges that these defendants violated his
2   rights under the Fourth, Fifth, Eighth, and Thirteenth Amendments to the United States
3   Constitution. *Id.* But all of Plaintiff's claims and allegations are based on his mistaken belief that
4   the Kitsap County Superior Court vacated his sentence and judgment on April 28, 2021 (*Id.* at 7),
5   and, as a result, DOC employees acted unlawfully when they refused to release him from
6   custody (*Id.* at 5–11).

7         To support his contention that his judgment was vacated, Plaintiff points to the
8   Washington Supreme Court decision issued on September 28, 2023. *Id.* at 8. But, as discussed
9   above, that decision was about whether the resentencing order was appealable under Rule 2.2(b)
10  of the Washington Rules of Appellate Procedure. *McWhorter*, 535 P.3d at 880–82. Plaintiff's
11  confusion likely results from the Supreme Court's reasoning that the resentencing order was
12  appealable because it "effectively vacated the original judgment and sentence." *Id.* at 881.
13  However, contrary to Plaintiff's belief, this discussion about the procedural effect of the
14  resentencing order does not mean his conviction was factually vacated.

15        Therefore, Plaintiff's core allegation that he was detained without a valid judgment is
16  properly disregarded as false. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)
17  ("The court need not accept as true…allegations that contradict facts that may be judicially
18  noticed.") (citing *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir.
19  1987)).

20        Accordingly, the undersigned finds that the proposed Complaint is deficient in a manner
21  not curable by amendment—because each claim rests entirely upon a demonstrable falsehood, all
22  Plaintiff's claims must be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327

23

24

REPORT AND RECOMMENDATION - 4

(1989) (claims properly dismissed as frivolous under the PLRA are "those claims whose factual contentions are clearly baseless" and "claims describing fantastic or delusional scenarios").

### IV.   CONCLUSION

For the above stated reasons, the undersigned recommends this case be **DISMISSED with prejudice** as frivolous in accord with 28 U.S.C. § 1915(e)(b) and 1915A(b), and the IFP Motion (Dkt. 1) be **DENIED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 29, 2024**, as noted in the caption.

Dated this 8th day of March, 2024.

Grady J. Leupold
United States Magistrate Judge