1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN T MCWHORTER,<br>                Plaintiff,<br>    v.<br>DEPARTMENT OF CORRECTIONS et al.,<br>                Defendants. | CASE NO. C24-5146-KKE-GJL<br><br>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING CASE WITH LEAVE TO AMEND |

Plaintiff brings this complaint alleging that his current imprisonment is unconstitutional because it arises from a vacated judgment and sentence. Dkt. No. 1-1. Plaintiff also alleges when his community custody was revoked, this vacated sentence was reinstated with a new "uncharged crime of first degree burglary." *Id.* at 8. On March 8, 2024, Magistrate Judge Grady J. Leupold entered a report and recommendation ("R&R") to dismiss the case with prejudice under 28 U.S.C. § 1915(e)(b) and 28 U.S.C. § 1915A(b) because none of the orders cited by Plaintiff vacated his sentence. Dkt. No. 5. In his objection to the R&R, Plaintiff reiterated his allegation that his sentence was vacated and added new allegations that he should only be subject to two years of community custody, not three. Dkt. No. 6. The Court ADOPTS the R&R dismissing Plaintiff's complaint because his claim that his sentence was vacated is without merit and, if he attempts to bring other claims, such claims are insufficiently pled. The Court DECLINES TO ADOPT the R&R's dismissal with prejudice because Plaintiff may be able to state a claim for relief on amendment.

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING CASE WITH LEAVE TO AMEND - 1

## I. BACKGROUND

On January 2, 1998, Plaintiff was sentenced to 376 months in prison after pleading guilty to crimes he committed when he was 17 years old. Dkt. No. 8 at 42 (sentencing document), 14–23 (original judgment).

In 2016, Plaintiff moved for resentencing because the original sentencing failed to consider his youth. Dkt. No. 8 at 9 (*State v. McWhorter*, 535 P.3d 880 (Wash. 2023)). On April 27, 2021, Superior Court Judge for Kitsap County Sally Olsen ordered a resentencing hearing for Plaintiff. Dkt. No. 8 at 6. The State then appealed the order to Division Two of the Court of Appeals which "ruled that the superior court's order was not appealable by the State" and dismissed the appeal. *Id.* at 9 (*McWhorter*, 535 P.3d at 880)). The State sought review of the dismissal by the Washington Supreme Court, which granted the State's petition. On September 28, 2023, the Washington Supreme Court remanded the case to the Court of Appeals to consider the State's appeal, finding the sentence was vacated for purposes of the State's appeal under Wash. R. App. P. 2.2 (b)(3). *Id.* at 12. On remand, the Court of Appeals held that "[t]he superior court should have transferred McWhorter's motion to this court for consideration as a [personal restraint petition]. However, rather than reverse the superior court's order and remand with instructions to transfer the case to this court for consideration as a PRP, we convert McWhorter's motion to a PRP and dismiss the PRP as untimely." *State v. Mcwhorter*, No. 55774-6-II, 2024 WL 1739370, at *3 (Wash. Ct. App. Apr. 23, 2024).

On December 15, 2021, with the aforementioned appeals ongoing, the Indeterminate Sentence Review Board ("ISRB") released McWhorter to community custody supervision for three years. Dkt. No. 8 at 25. On September 30, 2022, he was found to have violated the terms of his supervision and was returned to custody with the ability to reapply for release in August 2023. *Id.* at 31–36.

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING CASE WITH LEAVE TO AMEND - 2

Turning to the case before this Court, on February 22, 2024, Plaintiff moved to proceed *In Forma Pauperis* ("IFP") and a proposed complaint against the Department of Corrections ("DOC"), the ISRB, and sixteen individuals. Dkt. No. 1. The complaint alleges Defendants violated the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Thirteenth Amendment of the United States Constitution by arresting and incarcerating Plaintiff based on a vacated judgment. Plaintiff further alleges that each Defendant violated his Fourth Amendment Rights by revoking Plaintiff's community custody with an added "uncharged crime of first degree burglary." Dkt. No. 1-1 at 7–8.

On March 8, 2024, Judge Leupold entered the R&R explaining "contrary to Plaintiff's belief, [the Washington Supreme Court's] discussion about the procedural effect of the resentencing order does not mean his conviction was factually vacated." Dkt. No. 5 at 4. Judge Leupold then explained that Plaintiff's demonstrably false allegation that his sentence was vacated requires dismissal of the claims with prejudice. *Id.*

On March 28, 2024, Plaintiff filed his objections to the R&R referencing nine attachments, reiterating his arguments that his sentence was vacated and arguing "DOC erroneously imposed 3 years of community custody." Dkt. No. 6. Because no attachments were filed with the objections, the Court ordered the attachments to be filed by June 3, 2024. Dkt. No. 6. On May 15, 2024, Plaintiff moved to stay which referenced and properly attached the same nine attachments. Dkt. No. 8.

## II.   ANALYSIS

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate

judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Because Plaintiff is proceeding *pro se*, the court must interpret his complaint and objections liberally.  *See Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

      The Court agrees with Judge Leupold's reasoning that Plaintiff's "core allegation that he was detained without a valid judgment" is without merit.  Dkt. No. 5.  The April 28, 2021 Superior Court order (Dkt. No. 8 at 4–7), as confirmed by the September 28, 2023 Washington State Supreme Court decision, only vacated Plaintiff's sentence for purposes of the State's right to appeal the decision under Wash. R. App. P. 2.2 (b)(3).  *McWhorter*, 535 P.3d at 881 ("[T]he original judgment was 'vacated' within the meaning of RAP 2.2(b)(3).").  The Superior Court did not vacate the sentence substantively.  Moreover, the Washington State Court of Appeals has now reversed the April 2021 order, undermining any argument that the order impacted Plaintiff's sentence.  *Mcwhorter*, 2024 WL 1739370, at *3.  Any argument that Plaintiff was wrongly detained between April 28, 2021, and December 15, 2021 because of the April 2021 order fails and is dismissed.

      In his complaint, Plaintiff also alleges that the revocation of his community custody included an "uncharged crime of first degree burglary."  Dkt. No. 1-1 at 8.  In his objection to the R&R, Plaintiff also claims he should only be subject to two years of community custody.  Dkt. No. 6 at 4.  The R&R did not discuss these arguments.  To the extent Plaintiff intends to bring claims based on these theories, they are either without sufficient detail or are not stated in the complaint at all.  As such, any claims based on these theories are insufficiently pled and are dismissed.

      Because Plaintiff is *pro se*, has requested leave to amend his complaint (Dkt. No. 8 at 1), and the R&R did not find every argument without merit, Plaintiff can amend his complaint.

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING CASE WITH LEAVE TO AMEND - 4

### III.  CONCLUSION

For these reasons, the Court ADOPTS IN PART the Report and Recommendation of Magistrate Judge Leupold and dismisses the complaint, but grants Plaintiff leave to amend. Dkt. Nos. 5, 6.

Plaintiff may file an amended complaint by August 2, 2024.

Plaintiff's pending motion to stay (Dkt. No. 8) is DENIED as moot and can be refiled, if necessary, after any amended complaint is filed.

Dated this 28th day of June, 2024.

Kymberly K. Evanson
United States District Judge