UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN T MCWHORTER,<br>　　　　　　Plaintiff,<br>v.<br>DEPARTMENT OF CORRECTIONS et al.,<br>　　　　　　Defendants. | CASE NO. C24-5146-KKE-GJL<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME |

　　　　This matter comes before the Court on Plaintiff John T. McWhorter's motion to appoint counsel, or in the alternative, to extend the deadline to file an amended complaint. Dkt. No. 10. Mr. McWhorter filed this complaint against Defendants alleging his incarceration is unconstitutional for various reasons. Dkt. No. 1-1. The Court ultimately adopted in part the Report and Recommendation of Magistrate Judge Grady J. Leupold (Dkt. No. 5) that dismissed Mr. McWhorter's complaint, but declined to adopt the recommendation that the dismissal be with prejudice. Dkt. No. 6. The Court allowed Mr. McWhorter to amend his complaint by August 2, 2024. *Id.* at 5. Mr. McWhorter now seeks the appointment of counsel to amend his complaint or an extension of time to file an amended complaint. Dkt. No. 10. The Court will address each request in turn.

　　　　Mr. McWhorter's motion to appoint counsel is denied. Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.

1981).  In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1).  *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

At this early juncture, Mr. McWhorter has not shown a likelihood of success on the merits or that the complexity of the issues requires the appointment of counsel.  Mr. McWhorter also has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court.  As such, the Court finds that Mr. McWhorter has failed to show the appointment of counsel is appropriate at this time and his motion to appoint counsel is denied without prejudice.

Mr. McWhorter also asks the Court to extend the time for him to file his amended complaint.  Dkt. No. 10 at 2.  The Court grants this request and extends the deadline for Mr. McWhorter to file his amended complaint from August 2, 2024, to August 30, 2024.

Accordingly, Mr. McWhorter's motion is DENIED IN PART as to the request for counsel and GRANTED IN PART as to the extension of time.  Dkt. No. 10.

Dated this 16th day of July, 2024.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME - 2